**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-11-0000713**
**30-JUN-2014**
**02:06 PM**

NO. CAAP-11-0000713

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


SUSAN BLAU, Claimant-Appellee, v.
AIG HAWAII INSURANCE COMPANY, JOHN DOES 1-10,
Respondent-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(S.P. NO. 09-1-0041)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J. and Fujise, J.,
with Ginoza, J., concurring separately)

Respondent-Appellant Farmers Insurance Hawaii, Inc.,
formerly known as AIG Hawaii Insurance Company, Inc. (AIG),
appeals from a Circuit Court of the Third Circuit (Circuit Court)
September 1, 2011 order granting Claimant-Appellee Susan Blau's
(Blau) motion to confirm arbitration award and for attorneys'
fees, costs, and post-judgment interest.[1]  The arbitrator[2]
awarded Blau prejudgment[3] interest and costs in excess of the
$20,000.00 insurance policy limit.  The Circuit Court confirmed

---

[1]    The Honorable Glenn S. Hara presided.

[2]    Andrew P. Wilson, Esq. was the arbitrator.

[3]    We note that the arbitrator awarded "pre-award" interest, not
"prejudgment" interest, because "[t]he arbitrator's award is not a judgment of
a court of law." Kenneth H. Hughes, Inc. v. Aloha Tower Dev., Corp., 654 F.
Supp. 2d 1142, 1147 (D. Hawai'i 2009).

the arbitration award in the amount of $24,620.17,[4] and granted $1,800.00 in attorneys' fees to Blau for enforcing the award.

On appeal, AIG maintains that the Circuit Court erred in confirming an award of prejudgment interest and costs that was in excess of the $20,000.00 policy limit and abused its discretion in awarding $1,800.00 in attorneys' fees associated with Blau's motion for confirmation of arbitration award.

After a careful review of the issues raised and arguments made by the parties, the record, and the applicable authority, we resolve AIG's points on appeal as follows and affirm.

Although Blau does not raise this argument in her Answering Brief, we conclude that the Circuit Court's confirmation of the arbitration award should be affirmed on the grounds[5] that AIG waived its right to challenge the arbitration award by filing a memo in opposition to Blau's motion to confirm rather than moving to modify or correct the arbitration award pursuant to HRS § 658A-24 (Supp. 2013),[6] or

---

[4]     The amount of $24,620.17 is the sum of the $20,000.00 policy limit, $4,101.00 in prejudgment interest, and $519.17 in costs.

[5]     Kiehm v. Adams, 109 Hawai'i 296, 301, 126 P.3d 339, 344 (2005) ("It is well settled, however, that the appellate court may affirm a lower court's decision on any ground in the record supporting affirmance, even if not cited by the lower court.")

[6]     HRS § 658A-24 provides:

> **Modification or correction of award.** (a) Upon motion made within ninety days after the movant receives notice of the award pursuant to section 658A-19 or within ninety days after the movant receives notice of a modified or corrected award pursuant to section 658A-20, the court shall modify or correct the award if:
>
> > (1)     There was an evident mathematical miscalculation or an evident mistake in the description of a person, thing, or property referred to in the award;
> >
> > (2)     The arbitrator has made an award on a claim not submitted to the arbitrator and the award may be corrected without affecting the merits of the decision upon the claims submitted; or

(continued...)

vacate the award pursuant to § 658A-23 (Supp. 2013).[7]  See

---

[6](...continued)

        (3)    The award is imperfect in a matter of form not affecting the merits of the decision on the claims submitted.

    (b)    If a motion made under subsection (a) is granted, the court shall modify or correct and confirm the award as modified or corrected.  Otherwise, unless a motion to vacate is pending, the court shall confirm the award.

    (c)    A motion to modify or correct an award pursuant to the section may be joined with a motion to vacate the award.

[7]    HRS § 658A-23 provides, in pertinent part:

    **Vacating award.**  (a)  Upon motion to the court by a party to an arbitration proceeding, the court shall vacate an award made in the arbitration proceeding if:

    (1)    The award was procured by corruption, fraud, or other undue means;

    (2)    There was:

        (A)    Evident partiality by an arbitrator appointed as a neutral arbitrator;

        (B)    Corruption by an arbitrator; or

        (C)    Misconduct by an arbitrator prejudicing the rights of a party to the arbitration proceeding;

    (3.)    An arbitrator refused to postpone the hearing upon showing of sufficient cause for postponement, refused to consider evidence material to the controversy, or otherwise conducted the hearing contrary to the section 658A-15, so as to prejudice substantially the rights of a party to the arbitration proceeding;

    (4)    An arbitrator exceeded the arbitrator's powers;

    (5)    There was no agreement to arbitrate, unless the person participated in the arbitration proceeding without raising the objection under section 658A-15(c) not later than the beginning of the arbitration hearing; or

    (6)    The arbitration was conducted without proper notice of the initiation of an arbitration as required in section 658A-9 so as to prejudice substantially the rights of a party to the arbitration proceeding.

    (b)    A motion under this section shall be filed within ninety days after the movant receives notice of the award pursuant to section 658A-19 or within ninety days

(continued...)

Excelsior Lodge Number One, Independent Order of Odd Fellows v. Eyecor, Ltd., 74 Haw. 210, 222-23, 847 P.2d 652, 658 (1992) ("[W]e conclude that because Eyecor failed to timely bring either a § 658-9 motion to vacate or a § 658-10 motion to modify or correct the award and because it is seeking more than a mere clarification, Eyecor is precluded from challenging the trial court's confirmation order."); Arbitration of Bd. of Dirs. of Ass'n of Apartment Owners of Tropicana Manor, 73 Haw. 201, 213, 830 P.2d 503, 510 (1992) ("By seeking clarification of the unambiguous original award instead of moving to vacate, modify, or correct the award pursuant to HRS §§ 658-9 and 658-10, or demanding a trial de novo pursuant to HRS § 514A-127 in a timely fashion, appellees waived their right to any judicial review of the award.").

Our "primary duty in interpreting and applying statutes is to ascertain and give effect to the legislature's intention to the fullest degree." Nat'l Union Fire Ins. Co. v. Ferreira, 71 Haw. 341, 345, 790 P.2d 910, 913 (1990). We do this by first looking at the language of the statute itself. Id. "[W]here the statutory language is plain and unambiguous, our sole duty is to give effect to its plain and obvious meaning." Id.

The statutory directive is clear: a reviewing court must confirm the award unless statutory grounds exist to warrant some other action. HRS § 658A-22 (Supp. 2013).[8] The plain

---

[7](...continued)
after the movant receives notice of a modified or corrected award pursuant to section 658A-20, unless the movant alleges that the award was procured by corruption, fraud, or other undue means, in which case the motion shall be made within ninety days after the ground is known or by the exercise of reasonable care would have been known by the movant.

[8]     HRS § 658A-22 provides:

[§658A-22] Confirmation of award. After a party to an arbitration proceeding receives notice of an award, the party may make a motion to the court for an order confirming the award at which time the court shall issue a confirming order unless the award is modified or corrected pursuant to section 658A-20 or 658A-24 or is vacated pursuant to section 658A-23.
(continued...)

4

language of HRS § 658A-22 unambiguously states that where a party moves to confirm an arbitration award, the court <u>must</u> confirm the award "<u>unless</u> the award is modified or corrected pursuant to section 658A-20 or 658A-24 or is vacated pursuant to section 658A-23." (Emphasis added.)

Here, it is undisputed that AIG did not file a motion[9] to modify, correct, or vacate the arbitration award. Thus, pursuant to the plain language of HRS § 658A-22, the Circuit Court was statutorily mandated to confirm the award. <u>See</u> <u>Malahoff v. Saito</u>, 111 Hawai'i 168, 191, 140 P.3d 401, 424 (2006) ("It is well-established that, where a statute contains the word 'shall,' the provision generally will be construed as mandatory.").

In light of the foregoing, given that AIG seeks to challenge the arbitration award but failed to file a motion to vacate, modify, or correct pursuant to HRS § 658A-23 or § 658A-24, it is foreclosed from appealing the confirmation order.

On appeal, AIG appears to recast its argument as a challenge to the jurisdiction of the arbitrator, by arguing that the arbitrator exceeded his authority when he awarded Blau prejudgment interest and costs in excess of the $20,000.00 policy limit. To the contrary, the record does not indicate that the arbitrator manifestly exceeded his authority under the agreement of the parties.

In <u>Tropicana Manor</u>, the Hawai'i Supreme Court held that an arbitrator exceeded his authority by reopening an arbitration hearing after issuing an award, 73 Haw. at 203, 830 P.2d at 505, and that appellants could not have waived their right to object

---

[8](...continued)
(Emphases added.)

[9] Nor does AIG's memorandum in opposition to Blau's motion to confirm state grounds that would have formed the basis for a motion to modify, correct or vacate. AIG opposed the motion to confirm on the basis that the arbitration award was contrary to (1) the "majority view" regarding pre-award interest in excess of policy limits, (2) the arbitration agreement, and (3) public policy insofar as it interfered with the parties' freedom to contract for certain policy limits.

to the arbitrator's authority to reopen the hearing and issue an amended award even though they participated in the reopened proceedings "because a jurisdictional issue as to the arbitrator's authority to reopen the hearing is involved[.]" Id. at 211, 830 P.2d at 509.

"Judicial review is limited to cases in which the arbitrators manifestly exceed the agreement between the parties." Tatibouet v. Ellsworth, 99 Hawai'i 226, 234, 54 P.3d 397, 405 (2002). The Hawai'i Supreme Court has "reserved the phrase 'exceeded their powers' as reference to arbitrators' improper consideration of matters outside the scope of the arbitration agreement[.]" Id. at 235, 54 P.3d at 406. "Under Hawai'i law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Cnty. of Hawai'i v. UNIDEV, LLC., 129 Hawai'i 378, 394, 301 P.3d 588, 604 (2013) (citation and internal quotation marks omitted). We determine "[w]hat issues, if any, are beyond the scope of a contractual agreement to arbitrate [] on the wording of the contractual agreement to arbitrate." UNIDEV, 129 Hawai'i at 394, 301 P.3d at 604 (emphasis in original; citation and internal quotation marks omitted). "[W]here the entire dispute is submitted to arbitration and pre-award interest is not specifically excluded by contract, arbitrators have the authority to make an award of interest as part of the determination of the total amount of compensation to which the prevailing party is entitled." Kalawaia v. AIG Hawai'i Ins. Co., 90 Hawai'i 167, 173 n.11, 977 P.2d 175, 181 n.11 (1999).

Assuming, arguendo, that AIG's arguments amount to a challenge to the jurisdiction of the arbitrator, we conclude that the arbitration provision here[10] expressly permitted either party

---

[10]    The amended arbitration provision in Blau's policy with AIG provided:

ARBITRATION

If we and an insured do not agree:

(continued...)

6

to demand arbitration if there is a dispute concerning the amount of damages, and there was no specific prohibition against nor exclusion of the arbitrator's exercise of authority with respect to the issue of prejudgment interest and costs. In addition, where the parties agree to arbitrate, they "thereby assume all the hazards of the arbitration process, including the risk that the arbitrators may make mistakes in the application of law and in their findings of fact." Tatibouet, 99 Hawai'i at 236, 54 P.3d at 407 (citation omitted); Low v. Minichino, 126 Hawai'i 99, 105, 267 P.3d 683, 689 (App. 2011) (applying same principles of judicial review for HRS Chapter 658 to Chapter 658A).

AIG also argues that the Circuit Court abused its discretion in awarding Blau $1,800.00 in attorneys' fees expended to enforce the arbitrator's award. We disagree.

The Circuit Court awarded attorneys' fees pursuant to HRS § 658A-25 (Supp. 2013).[11] "Under the plain language of HRS § 658A-25(c), [] reasonable attorney's fees may only be awarded to a party who prevails in a contested judicial proceeding to confirm, vacate, modify, or correct an arbitration award." In re Arbitration Between United Pub. Workers, AFSCME, Local 646, AFL-CIO & City & Cnty. of Honolulu, 119 Hawai'i 201, 209, 194 P.3d 1163, 1171 (App. 2008).

---

[10](...continued)

1. Whether that person is legally entitled to recover damages under this Part; or

2. As to the amount of damages;

Either party may make a written demand for arbitration as provided in Hawaii Revised Statutes, section 431:10C-213.

[11] HRS § 658A-25 provides in relevant part:

(c) On application of a prevailing party to a contested judicial proceeding under section 658A-22, 658A-23, or 658A-24, the court may add reasonable attorney's fees and other reasonable expenses of litigation incurred in a judicial proceeding after the award is made to a judgment confirming, vacating without directing a rehearing, modifying, or correcting an award.

Here, AIG contested Blau's motion to confirm. Pursuant to the plain language of HRS § 658A-25(c), we cannot conclude that the Circuit Court abused its discretion by awarding $1,800.00 in attorneys' fees to Blau.

Based on the foregoing, the September 1, 2011 order entered by the Circuit Court of the Third Circuit is affirmed.

DATED: Honolulu, Hawai'i, June 30, 2014.

On the briefs:

James T. Wong,
for Respondent-Appellant.

*Craig H. Nakamura*

Chief Judge

Phillip L. Carey,
for Claimant-Appellee.

Associate Judge